Joseph Hileman *v.* William Hileman and John Ott, doing business in the firm name of The Hileman Distilling Company, Appellants.

| 172 | 323 |
|-----|-----|
| 204 | ⁴161 |
| 172 | 323 |
| j 23 SC | ⁰182 |

*Practice, C. P.—Amendments—Parties—Partnership—Joint tort feasors*

A mistake made by the plaintiff in an action of trespass in charging the defendants as partners instead of as joint wrongdoers is amendable.

*Amendment—Costs—Discretion of court.*

Where the court grants the plaintiff a new trial in an action of trespass, and before the new trial permits the plaintiff to amend the record so as to charge the defendants as joint wrongdoers instead of partners, the Supreme Court will not reverse a judgment on a verdict for the plaintiff at the second trial, because the court below did not, as a condition of granting the amendment, impose upon plaintiff the costs that had accrued to that time, where there is nothing upon the record to show that the discretion of the court as to the imposition of costs had been abused.

*Trespass—Waters—Pollution of waters—Continuing trespass—Joint tort feasors—Evidence.*

In an action of trespass against two defendants to recover damages for the pollution of a stream, it is proper to admit evidence that defendants were the owners and operators of a distillery, and that they negligently permitted noxious refuse to enter the stream which flowed through plaintiff's land. In such a case either defendant may offer evidence in rebuttal tending to show that it was not the joint action of both.

While as to distinct acts of trespass such as cutting down trees, or tearing down fences, evidence of a partnership is not admissible to charge two or more defendants jointly; such evidence is admissible where the injury is caused by the continuous operation of a manufacturing establishment in polluting a stream.

*Damages—Trespass—Notice of damages up to date of trial—Act of May 2, 1876.*

The act of May 2, 1876, P. L. 95, which permits plaintiff to give notice of claim for damages or mesne profits up to date of trial, and to offer evidence under the notice, applies not only to cases where the possession as against the plaintiff is wrongful, but also to trespasses of a continuing nature, such as the pollution of a stream, in which a second action may be brought for damages sustained after service of the writ, but the right to which is determined by the verdict in the first suit.

The act does not apply, however, to wrongs which from their very nature are perpetrated at only distinct and rare intervals; it only includes within its terms such cause of action as from its nature is a persistent and continuing wrong.

Argued Oct. 14, 1895. Appeal, No. 296, Oct. T., 1894, by defendants, from judgment of C. P. Armstrong Co., Sept. T., 1892, No. 71, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the pollution of a stream by the operation of a distillery. Before RAYBURN, P. J.

From the record it appeared that on June 5, 1893, the case came on for trial and a verdict was given in favor of the defendants. On January 20, 1894, the verdict was set aside and a new trial granted. On February 26, 1894, a motion was made to amend the præcipe, writ and statement by striking out the words "doing business under the firm name of the Hileman Distilling Co." On February 26, 1894, this amendment was allowed. [1, 2]

At the trial when Joseph Hileman was on the stand he was asked this question: Q. After they began running that distil·lery what effect did it have upon the water in that run?

Mr. Patton: We object to any evidence of any trespass committed by William Hileman and John Ott doing business as the Hileman Distilling Company, for the reason that this action is not brought against the company or partnership, but against William Hileman and John Ott as joint trespassers, and therefore no evidence can be admitted of any trespass committed by the partnership. I would ask Mr. McCain to make his offer.

The Court: I think for the present we will permit the plaintiff to show what acts of trespass were committed by the defendants or either of them, and how committed, and seal a bill for the defendants. [3]

Q. And what was the condition of the water there

Mr. Patton: We object after June or before December.

The Court: From December, '91, to June, '92.

Mr. McCain: We propose to ask him up to the present date.

Mr. Patton: We object to the witness testifying to any damage after the time of bringing suit, to wit, the 27th of June, '92.

The Court: We will admit the testimony and seal a bill for the defendants.

Mr. Patton: The offer is objected to,—first, because the act of the 2d of May, 1876, P. L. 95, does not apply to an action on

the case such as the present action; and second, at the time the notice was given, to wit, 25th of January, 1894, the Hileman Distilling Company was then the defendant and the present defendants were not parties, and at no time have they had notice that the plaintiff would undertake to recover damages down to the time of the bringing of suit.

The Court: The same ruling as above and bill sealed for the defendants. [7]

The court charged in part as follows:

[The defendants were in operation of this distillery jointly; they were the partners of a firm known as the Hileman Distilling Company. It has been contended that there could be no recovery here because they were not charged as a firm; that to is say, the summons and statement, declaration in the case, do not charge them as doing business as the Hileman Distilling Company. I am of the opinion that it was not necessary to charge them as doing business under the firm name which the evidence shows they had adopted. That it is enough if the action is brought against them jointly. They were, as the evidence shows, the members of this firm, and responsible for whatever was done in the ordinary conduct of the business of the concern, and if this injury was occasioned by their own acts or the acts of either of them, or by the acts of their agents or employees while in the conduct of the business of the firm, they are responsible for the consequences.] [4]

Defendants' points were among others as follows:

2. That the declaration or statement as amended is against William Hileman and John Ott as joint trespassers, and there being no evidence in the case which shows a joint offense in which both the defendants were implicated, the verdict of the jury must be for the defendants. *Answer:* Refused. [5]

3. That the declaration or statement as amended charges William Hileman and John Ott with committing the alleged trespass as joint trespassers, while the undisputed evidence is that, if any trespasses were committed, they were done by William Hileman and John Ott, copartners doing business as the Hileman Distilling Company; therefore the probata and allegata do not agree, and the verdict of the jury must be for the defendants. *Answer:* Refused. [6]

Plaintiff's point was as follows:

**1.** If you find that the plaintiff was the owner and occupant of the premises upon which this trespass was committed and that, prior to the erection of this distillery by the defendants, the stream of water which runs through the plaintiff's land was good, pure water and was used by him for farm and domestic purposes, but, by reason of the defendants' running or permitting the still-slop or refuse from said distillery or hog pens to run into this water of the said stream, has been polluted so as to render it unfit for use and depriving the plaintiff of the enjoyment of it, he is entitled to your verdict in such an amount as would compensate him for the injury and damages sustained from December 16, 1891, to the present time. *Answer:* I have been asked by the plaintiff to instruct you as to certain questions law : I affirm the first, second, third and fourth points of the plaintiff, and say to you as requested, that if you find that the plaintiff was the owner and occupant of the premises upon which this trespass was committed, and that, prior to the erection of this distillery by the defendants, the stream of water which runs through the plaintiff's land was good, pure water, and was used by him for farm and domestic purposes, but by reason of the defendants running or permitting the still-slop or refuse from said distillery or hog pens to run into this water of the said stream, has been polluted so as to render it unfit for use and depriving the plaintiff of the enjoyment of it, he is entitled to your verdict in such an amount as would compensate him for the injury and damages sustained from December 16, 1891, to the present time. [8]

Verdict and judgment for plaintiff for 6¼ cents.  Defendants appealed.

*Errors assigned* were, (1, 2) allowance of amendment of the pleadings; (3–7) rulings on offers of evidence, quoting the bill of exceptions ; (4, 5, 6, 8) above instructions, quoting them.

*W. D. Patton, Orr Buffington* and *Floy C. Jones* with him, for appellants.—The amendment was improperly allowed : Trego v. Lewis, 58 Pa. 463 ; Com. v. Dillon, 81 Pa. 44 ; Locke v. Dougherty, 43 Pa. 88 ; Cochran v. Arnold, 58 Pa. 399.

The court should have at least compelled the plaintiff to pay

all costs up to the time of the amendment, as required by the act of May 10, 1871, P. L. 265, Purd. Dig. 100.

Where an action has been brought against several joint trespassers, the evidence must be confined to the joint offense in which all are implicated; the plaintiff cannot recover for what was done by one or more before or after the joint act, for some of the defendants might thereby be subjected to damages for a trespass wherein they had no concern: Addison on Torts, sec. 1321.

The act of May 2, 1876, only applies to actions for the recovery of damages or mesne profits. It is evidently intended to apply only to such " damages " or " mesne profits " as a plaintiff recovers in an action of ejectment or trespass quare clausum fregit for injuries to the plaintiff's land and the wrongful detention thereof: Dawson v. McGill, 4 Wharton, 230; Cook v. Nicholas, 2 W. & S. 27; 5 Am. & Eng. Ency. of Law, 17.

*James H. McCain, Austin Clark* and *W. J. Christy* with him, for appellee.—The amendment was properly allowed: Tyrrill v. Lamb, 96 Pa. 464; Heidelberg School Dist. v. Horst, 62 Pa. 301; Rangler v. Hummel, 37 Pa. 132; Musser v. Gardner, 66 Pa. 242; Schollenberger v. Seldonridge, 49 Pa. 83; Fairchild v. Dennison, 4 Watts, 258; Smith v. Bellows, 77 Pa. 441.

Defendants were the coproprietors of a distillery, from the operation of which the stream running through plaintiff's land was fouled. The invasion of plaintiff's rights was not the willful or malicious act of either partner, but mere negligence on the part of one or both, or by their servants, done while operating the distillery for the joint benefit of the partners. This was not a case of separate acts committed without concert of action. What was done by either or both was with a common design and for a common purpose, viz: the conduct of their mutual business. The joinder of defendants was entirely proper: Bard & Wearich v. Yohn, 26 Pa. 482; Klauder v. McGrath, 35 Pa. 128; Gallagher v. Kemmerer, 144 Pa. 509.

The act of May 2, 1876, applied to this case: Peterson v. Speer, 29 Pa. 478; 1 Addison on Torts, sec. 107.

OPINION BY MR. JUSTICE DEAN, January 6, 1896:

The plaintiff, Joseph Hileman, was the lower landowner on

a small stream; the defendants operated a distillery on the stream above him; he alleged, they, by slops and other refuse from the distillery, so polluted the water as to render it unfit for use, and thereupon, on June 27, 1892, he brought trespass for damages. The case came on for trial June 5, 1893, and resulted in a verdict for defendants; on motion for new trial, the verdict was set aside and new trial granted; plaintiff then moved to amend by striking from the name of defendants the words, "doing business under firm name of Hileman Distilling Company;" this motion was granted, and the case again came to trial March 9, 1894; there was a verdict for plaintiff for nominal damages. From judgment entered on this verdict, defendants appeal, assigning eight errors. The first and second are to the ruling of the court, permitting the amendment of the record. The plaintiff obviously made a mistake in charging the defendants as partners instead of as joint wrongdoers; such a mistake, under our statute, is clearly amendable; the juncture at which the amendment was moved for was, however, after one trial, and when a new trial had been granted; then a considerable bill of costs had been incurred. As the record here presents itself, apparently, this amendment ought to have been allowed only on terms which would have imposed costs upon plaintiff; but this was in the discretion of the court below; what may have appeared to the learned judge of that court, which we do not see, is only conjectural. The presumption is, that his discretion was exercised wisely, and grounded on sufficient reasons; we will not assume it was arbitrarily exercised, and there is no sufficient proof that it was. The statutes of amendment are to be construed liberally so as to effect the intent of them. Their object was to reach a trial on the merits, and any reasonable exercise of the discretion reposed in the trial court ought not to be disturbed in a court of review, when, as must necessarily be the case, our knowledge of all the circumstances leading to the amendment may not be as full as that of the judge who allows it. Therefore, these two assignments are overruled.

The third, fourth, fifth and sixth assignments practically raise the same question. The court permitted plaintiff to offer evidence that defendants were the owners and operators of a distillery, and that they negligently permitted the noxious ref-

use to enter the stream which flowed through plaintiff's land; the purpose in polluting the stream was not malicious, but merely selfish; they disposed cheaply of that which occasioned damage to the lower landowner, not with an intent to injure him, but merely to benefit themselves. It was not as if he had charged them with breaking his close, or cutting his timber; it was, of operating, as owners, their manufacturing establishment in such a manner as necessarily injured him. The evidence, that as co-owners they operated the distillery, was in this view of the act admissible, and from it the jury might infer both were guilty of the wrongful act. Either could have offered evidence in rebuttal tending to show it was not the joint act of both. While as to distinct acts of trespass, such as cutting down trees or tearing down fences, evidence of a partnership would not have been admissible to charge two or more defendants jointly, yet under the facts here it did tend to prove these defendants jointly answerable, and there was no error in admitting the evidence.

The seventh and eighth assignments are to the ruling of the court permitting plaintiff, under act of May 2, 1876, to give notice of claim for damages up to date of trial, and to offer evidence under the notice. The act says: " In all actions now pending or hereafter to be brought for the recovery of damages, or mesne profits, it shall be lawful for the plaintiff at any time not less than fifteen days before trial, to give notice to the defendant or his attorneys that he proposes to claim damages or mesne profits up to the date of trial of such suit; and on such trial the plaintiff may recover such damages or mesne profits, not barred by the statute of limitations, to the time of such trial, as may be warranted by the law and the evidence."

Clearly, the purpose of the act was to relieve from the necessity of multiplied actions. If the right of a plaintiff is determined in one action, it tends to a cessation of strife and prevention of accumulation of costs to have his damages determined by the same trial. In three distinct instances in one short section, the disjunctive is used by the legislature: " Damages or mesne profits." This indicates an intention to extend the act to cover also, cases other than those where the possession as against the plaintiff is wrongful; it seems to have been

intended specially to reach those cases, where the plaintiff has been kept out of his rightful possession by the trespasser; but it goes further, and brings within its scope other actions for damages.    What actions?—Apparently those trespasses of a continuing nature, such as the one before us; those in which a second action might be brought for damages sustained after service of writ, but the right to which would be determined by the verdict in the first suit.    Damages for the pollution of a stream by the upper landowner, a manufacturer, in most cases is a continuing wrong down to trial; if the lower landowner's right be determined at the first trial, why should he be put to the vexation and costs of a second action?    It was just this burden the legislature sought to relieve against by this act. Undoubtedly the learned counsel for appellant is right in arguing the act cannot embrace all actions for damages; those wrongs which do not include a continued possession of land hostile to the rightful owner, nor an assumed right by the upper landowner to continually pollute a stream to the damage of the lower landowner; wrongs which, from their very nature, are perpetrated at only distinct or rare intervals are not within the meaning of the act.    Suppose, instead of establishing a distillery permanent in its character, defendants had dumped into this stream the contents of an outhouse vault; the right of plaintiff would have been violated; they might have repeated the wrong, but it would not have been the case intended by the act; such a trespass, if held to be within the act, would possibly result in an absurd condition; the plaintiff having failed to prove any wrong before suit brought might, nevertheless, clearly prove one after; we then would have the case of sustaining an action brought without cause, and a verdict for a wrong committed thereafter.

The act of 1876 certainly contemplated no such absurdity. While the point raised here is new, and appellant's argument is plausible; still we are of opinion the act includes within its terms every such cause of action as from its nature is a persistent, continuing wrong.    Therefore the seventh and eighth assignments of error are also overruled, and the judgment is affirmed.