Keller *v.* R. C. Keller Motor Company, Appellant.

Argued May 22, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY and ARNOLD, JJ.

reargument refused August 20, 1956.

*Arthur Markowitz*, with him *Robert H. Griffith*, and *Markowitz, Liverant, Boyle, Rauhauser & Kagen*, for appellant.

*Henry B. Leader*, with him *Stock & Leader*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 25, 1956:

In this action of assumpsit plaintiff's complaint appropriately pleaded: a contract of hiring by the defendant, by which the defendant promised to pay the plaintiff $100.00 per week for 51 weeks, beginning July

1, 1951; a partial default thereof; and also a failure to pay the plaintiff a sum equal to 10% of the net profits of the defendant.

The answer of the defendants denied the offer of performance by the plaintiff and denied generally that it was liable on the contract. The defendant then set forth paragraphs XI, XII and XIII of new matter which would tend to set up an accord and satisfaction. To this pleading under new matter the plaintiff entered a general denial.

The case came on for trial and after proof of his case, the plaintiff rested. Whereupon the defendant offered paragraphs XI, XII and XIII, together with the plaintiff's reply thereto, contending it to be a general denial thereof and establishing an implied admission of the averments in the new matter. Plaintiff's request for leave to amend was granted, and he thereupon made specific denials of the averments raised in the new matter.

The defendant did not plead surprise and offered no testimony; whereupon verdict and judgment were for plaintiff. Defendant appeals, contending that the general denials to the averments of new matter constitute an implied admission which was irrevocable.

Pa. R. C. P. 1033 provides: "A party, either by filed consent of the adverse party or by leave of court, may *at any time* change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, *even though they give rise to a new cause of action or defense.*[1] An amendment may be made to conform the pleading to the evidence offered or admitted."

---

[1] Except where the period of the statute of limitations has expired.

(Italics supplied). This Court decided in *McNernie v. W. S. Peace, Inc.,* 344 Pa. 24, 26, 24 A. 2d 12, that "Pleadings may be amended at any stage of the proceedings and the matter is one within the discretion of the trial court;" and this rule was also declared in *Trabue v. Walsh,* 318 Pa. 391, 393, 177 A. 815. See also *Hileman v. Hileman,* 172 Pa. 323, 328, 33 A. 575, and Anderson Pennsylvania Civil Practice, Volume 2, page 524 et seq.

It has long been the law that technical defects in pleadings can be amended at the discretion of the court; this in order to prevent the case from turning on purely technical objections. Here the Court did not abuse its discretion and the amendment was properly allowed.

There is another reason why the appellant cannot succeed in this case. The appellant abandoned its motion for new trial and stood on its motion for judgment n.o.v. On such a motion the court must take the record as it stands at the close of the trial. It cannot delete testimony which was improperly admitted, nor can it take into consideration matters of proof which were excluded when offered by the party against whom the original judgment was entered: *Kotlikoff v. Master, Admrx.,* 345 Pa. 258, 265, 27 A. 2d 35; *The Constructors' Association of Western Pennsylvania v. Furman,* 170 Pa. Superior Ct. 554, 558, 87 A. 2d 801. This has always been the law of Pennsylvania.

Since the court on a motion for judgment n.o.v. must take the record as it existed at the close of the trial, and could not have excluded testimony erroneously introduced or rejected, a fortiori this Court could not exclude from the record the amendment to plaintiff's answer to new matter, which was properly allowed.

Judgment affirmed.