## Solomon v. Luria

*M. M. Mendell*, for plaintiff.
*M. L. Temin* and *B. M. Borish*, for defendant.

BROWN, P. J., October 19, 1967. — This action in assumpsit was brought to recover damages for the alleged breach of a contract of employment between plaintiff and defendant. The trial resulted in a verdict by the jury in plaintiff's favor in the sum of $8,132.62. Defendant then moved for a new trial and for judgment n.o.v. After argument, these motions are now before the court en banc for determination.

As reasons for a new trial, it was asserted by defendant that the verdict was against the law and the evidence, that the trial judge erred in charging the jury in certain respects and in refusing to affirm points for charge submitted in defendant's behalf. In addition, it is contended in support of the motion for a new trial that paragraph 4 of the complaint was not subject to amendment at trial, and that the court erred

in sending out with the jury plaintiff's calculation of damages. Defendant's argument in connection with the motion for a new trial is, however, not limited to the matters set forth in the motion. "In drafting a motion for a new trial, the reasons assigned should be set forth with such clarity that both the court and the adverse party may be informed of the import of such reasons and given sufficient opportunity to meet them": Evans v. Otis Elevator Company 403 Pa. 13, 30. Nevertheless, all of the contentions made by defendant in support of the motions have been fully considered.

In the complaint, it was alleged that "On or about October 29, 1960, the Defendant, after a series of negotiations with Plaintiff, originating through Defendant's own solicitation and that of his agent or representative, did enter into a verbal contract of employment with the Plaintiff whereby Defendant did agree to employ Plaintiff permanently at a salary of $9,000.00 per year to be paid in weekly installments of $175.00 . . ." At the trial, plaintiff testified that she had arrived at an agreement with George H. Revness, who did personnel and employment work for defendant, which required that she be employed for at least a year. Defendant's position is that the complaint does not allege a contract for a definite period, and that it was too late to amend the complaint at the time of trial. At the time of argument of the motions, there was also before the court, a petition and rule to amend the complaint, filed on plaintiff's behalf.

There is no ground for the entry of judgment n.o.v. in favor of defendant on the ground of the state of the pleading in the complaint. It could well be that the averment in the complaint that it was agreed that plaintiff be employed "permanently" is sufficient to allege that she was to have "at least a yearly contract". It is important to note that there was no ob-

jection by defendant to any of plaintiff's testimony which established that the contract of employment was not at will or indefinite in time. To be employed "permanently" is certainly not inconsistent with being employed for "at least a year". Under the circumstances, the amendment was proper. In Keller v. R. C. Keller Motor Co., 386 Pa. 56, 58, in which a contract of hiring and a default thereof were pleaded, and where there was new matter which tended to set up an accord and satisfaction, plaintiff entered a general denial, and at the trial, it was contended that the general denial established an implied admission of the averments in the new matter, whereupon a request for leave to amend was granted so that specific denials could be made, it was held that "This Court decided in McNernie v. W. S. Peace, Inc., 344 Pa. 24, 26, . . . that 'Pleadings may be amended at any stage of the proceedings and the matter is one within the discretion of the trial court;' and this rule was also declared in Trabue v. Walsh, 318 Pa. 391, 393. . . . See also Hileman v. Hileman, 172 Pa. 323, 328, . . . It has long been the law that technical defects in pleadings can be amended at the discretion of the court; this in order to prevent the case from turning on purely technical objections".

Even if the amendment were improper in the present case, there would still be no ground for the entry of judgment n. o. v. in favor of defendant. In Lucacher v. Kerson, 355 Pa. 79, 80, wherein plaintiff testified that an oral contract of employment had been entered into which was to result in a "permanent" job, and the trial judge allowed the jury to determine what the parties intended by the provision that, as claimed by plaintiff, his job was to be 'permanent', it was held that "This was proper because it is for the jury to ascertain the meaning to be ascribed to the words employed in an oral contract, in the light of all

the circumstances surrounding the making of the agreement: McCormack v. Jermyn, 351 Pa. 161, . . ."

It is well settled that in the case of a disputed oral contract, what was said and done by the parties as well as what was intended by what was said and done by them are questions of fact for the jury: Forrest v. Nelson Bros. & Co., 108 Pa. 481, 488; Hugh R. Fulton v. Lancaster County, 162 Pa. 294, 297, 306; Schweyer v.Walbert, 190 Pa. 334, 338; McCormack v. Jermyn, 351 Pa. 161, 164-166. Analysis of the evidence in light of the applicable legal principles discloses that the case at bar turns on disputed issues of fact which were properly submitted to the jury. There is evidence, which, if accepted, supports the verdict in plaintiff's favor. Moreover, the verdict was not against the law or the evidence. From an examination of the surrounding facts and circumstances, it appears that the jurors were justified in their conclusion as to the intention of the parties to the oral contract of hiring.

According to the evidence, plaintiff had been engaged in the ladies' wearing apparel business since 1934, and in October of 1960 she was employed in Allentown, Pa., at approximately $10,000 a year and an override. She and her daughter, who was a high school student, were living together in Allentown. As a result of the agreement made by plaintiff with defendant, plaintiff moved her daugher from Allentown High School to Overbrook High School in Philadelphia, and the girl came here to live with plaintiff's mother so as not to lose any time from the school semester. Plaintiff herself moved from Allentown to Philadelphia after having rented an apartment and terminated the lease covering her Allentown apartment. She also terminated her employment in Allentown. It can readily be concluded that the jury in this case could well have found from all the surrounding facts and circumstances that plaintiff had indeed

agreed with defendant that her employment was not to be a hiring at will. Certainly a new trial would not be justified on the ground that the verdict was against the law or the evidence.

Nor is there any basis for a new trial arising out of the charge to the jury that "The plaintiff had alleged an oral agreement of employment for one year". Plaintiff's allegations in her complaint as to the duration of the employment resulting from her agreement with defendant have been set forth above. What was actually contained in the instructions to the jury did not deal with the allegations of the complaint, but with the testimony submitted and the contentions made at the trial by plaintiff in support of her claim. Surely, it was proper, and, indeed, essential that the jury be carefully told what the respective positions of the parties were so as to delineate the factual and legal issues upon which the case turned. There was no error in the charge in this regard. As pointed out above, there was no objection on behalf of defendant when plaintiff presented proof in support of her version of the agreement between the parties. Nor was there a motion to strike the testimony, a plea of surprise, or a motion for a continuance. Under these circumstances, there was no error in permitting the proof to be evaluated and considered by the jury under the guidance of proper instructions: Luckett v. Reighard, 248 Pa. 24, 30. It has been held that where evidence is admitted at variance with the complaint, and defendant does not plead surprise or ask for a continuance, he cannot take advantage of the variance after a verdict against him: Kirchner v. Smith, 207 Pa. 431, 437. Even if there had been an objection on defendant's behalf on the ground that the testimony was at variance with the allegations of the complaint, the complaint was subject to amendment: Elder Township

School District v. Pennsylvania Railroad Company, 26 Pa. Superior Ct., 112, 115.

Defendant's specification of error in connection with the charge does not include what was said in connection with and qualifying the part of the charge to which complaint has now been made. "This method of specifying alleged error is unfair to the trial court and condemned by the appellate court. It does not appear that the evidence to which the excerpt relates was objected or excepted to, or that a motion was made to strike it out. It has been decided by this Court that the learned judge of the trial court cannot be convicted of error for commenting upon irrelevant or incompetent evidence so received": Joseph B. Card v. The Township of Columbia, 191 Pa. 254, 269.

On behalf of defendant, it is contended that it was error for the trial judge to omit directing the jury's attention to paragraph 4 of plaintiff's complaint. It should be noted that the pleading was not offered or placed into evidence. Under these circumstances, it surely was not error to have omitted reference to the pleading in the instructions to the jury. In fact, it would have been improper to have done so. It has been held to be bad practice for the trial judge to read plaintiff's complaint in the charge: Albert Reese v. M. B. Hershey, 163 Pa. 253, 258. There is no ground for a new trial in this regard.

Defendant also asserts that there was error in the refusal to affirm a point for charge which stated that "The plaintiff must prove, by the weight of the evidence, the claim which she has alleged in her Complaint". The charge includes a detailed and extensive instruction dealing with plaintiff's burden of proof. It states, inter alia, that plaintiff has the burden of proof of satisfying the jury by the fair weight or preponderance of the credible evidence that her contentions are correct, both with respect to the question of

liability and also the matter of damages. Moreover, there were an explanation and illustrations to clarify just how this rule should be applied. Obviously, there was no error in the charge in this respect.

There is also alleged error arising out of the refusal of the trial judge to charge the jury that "It is my recollection, with which you are not bound, there was no testimony in this case the contract of employment was to be permanent". Quite aside from the question of whether the requested instruction would have been accurate as a comment upon the evidence, it is clear that the matter of reference to testimony and comment thereon is largely within the discretion of the trial judge: John T. Ensminger v. Eleanor L. Hess, 192 Pa. 432, 442. There was no abuse of discretion in the instant case. Similar conclusions must be drawn in connection with a number of other requested references to the testimony. Points for charge which necessitate qualification or modification may be refused, for the trial judge is not obliged to mold or restate points which are not accurate as drawn: Suravitz v. Prudential Insurance Company of America, 261 Pa. 390, 405; Pa. R. C. P. 226.

Although not properly raised as reasons for the motion for a new trial filed by defendant, it is now claimed that it was error to permit the jury to have a written statement of the damages claimed by plaintiff, that the verdict was excessive, and that the cross-examination of plaintiff's former employer was excessive. As to plaintiff's statement of damages, it is largely a matter in the discretion of the trial judge what papers may go out with the jury: Williams, Receiver, v. Lumbermen's Insurance Company of Philadelphia, 332 Pa. 1, 9. A calculation of damages is proper so long as the paper contains no items not supported by evidence, and the jury are instructed as to the nature thereof and the effect to be given there-

to: Armstrong & Latta v. City of Philadelphia, 249 Pa. 39, 49. This was done in the case at bar.

There is no merit in defendant's contention that the verdict was excessive. Testimony by plaintiff as to the term of her agreement with defendant was that her compensation was to be increased some time subsequent to the commencement of her employment. This testimony constituted a sufficient basis for the verdict of the jury as to the damages to be awarded plaintiff. Nor is the position of defendant in connection with the cross-examination of plaintiff's former employer well taken. He told of his employment of plaintiff, and that his store had to close about a month and a half subsequent to plaintiff's leaving him after giving him "very little" notice. Plaintiff's counsel cross-examined this witness in an effort to affect his credibility, and to show that the reason for the closing of the store had nothing to do with the termination of plaintiff's employment. It is important to note that much, if not most of the cross-examination now complained of was not subject to any objection on behalf of defendant: Bell v. Yellow Cab Company, 399 Pa. 332, 337-338. Apart from any waiver by defendant, the bounds of proper cross-examination are within the sound discretion of the trial judge, and the nature and character of the investigation, the subject under consideration, and the demeanor of the witness are determining factors: Pusey's Estate, 321 Pa. 248, 268-269; Commonwealth v. Romano, 392 Pa. 632, 637-638. It is well settled that a trial judge should be liberal in allowing cross-examination: McCaffrey v. Schwartz, 285 Pa. 561, 566. As the supposedly disinterested witness was called for the purpose of attacking plaintiff's credibility, his own credibility was clearly subject to searching cross-examination.

It appears from an analysis of the evidence and the applicable principles of law, that the case was fairly

tried and properly submitted to the jury, and that there was ample basis for the verdict in favor of plaintiff.

For the foregoing reasons, plaintiff's rule to amend the complaint is made absolute, and the complaint is amended accordingly; defendant's motion for judgment n.o.v. is denied, and an exception is granted defendant; a new trial is refused, and judgment is entered on the verdict for plaintiff.