**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRENCE R. FICK, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY BARBON | : | No. 1997 MDA 2019 |

Appeal from the Order Entered November 20, 2019
In the Court of Common Pleas of Berks County Civil Division at No(s):
18-13137

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 29, 2020**

Terrence R. Fick, Jr. (Appellant) appeals from the order granting summary judgment in favor of Appellee Barry Barbon (Barbon) and dismissing Appellant's complaint.  We affirm.

The trial court detailed the facts and procedural history as follows:

**FACTS**

On July 3, 2018, [Appellant] filed a personal injury action against [Barbon] for an accident that occurred on July 5, 2016. [Barbon] owns the vehicle that struck [Appellant]'s vehicle. [Appellant] did not sue the driver of the vehicle, Dean Reist [(Reist)].  [Barbon] was personally served on July 17, 2018, after the two-year statute of limitations had expired on July 5, 2018. [Barbon] filed an [a]nswer on July 23, 2018, denying that he was the operator of the vehicle at the time of the accident.  On July 30, 2018, [Barbon]'s counsel informed [Appellant]'s counsel that [Reist], [Barbon]'s grandson, was operating the vehicle on the date of the accident.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 1, 2018, [Appellant] filed a [m]otion for [l]eave to [f]ile [an] [a]mended [c]omplaint to name [Reist] as the defendant. [Appellant] alleged that on August 2, 2017, his attorney spoke to the bodily injury liability adjuster for Nationwide Insurance Company of America (Nationwide), [Barbon]'s insurance carrier, to inquire about [Barbon]'s correct address for service of original process. [Appellant] further alleged that pursuant to **DeRugeriis v. Brenner**, 348 A.2d 139 (Pa. Super. 1975), where the named defendant or its insurer actively conceals the identity of the responsible party until after the statute of limitations expires, the limitations period is deemed tolled. [Appellant] contended that [Barbon] and Nationwide actively concealed the identity of [Reist] by not disclosing [Reist]'s identity when [Appellant]'s counsel asked for the proper address to serve [Barbon].

The parties engaged in discovery before [the trial] court heard argument on the issue.

\* \* \*

**Procedural History**

After argument, by [o]rder dated January 3, 2019, [the trial] court denied [Appellant]'s [m]otion for [l]eave to [f]ile [an] [a]mended [c]omplaint. On March 22, 2019, [Appellant] filed a second [m]otion for [l]eave to [f]ile [an] [a]mended [c]omplaint to name [Reist] as a party defendant. [Appellant] contended that Pa.R.C.P. 1033(b) applied to the instant case. After argument, [the trial] court denied [Appellant]'s second motion.

On September 6, 2019, [Barbon] filed a [m]otion for [s]ummary [j]udgment, contending that [Appellant]'s claims must be dismissed as a matter of law. Following argument, [the trial] court granted this motion. [Appellant] filed a timely appeal.

Trial Court Opinion, 2/14/20, at 1-3.

The trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Appellant presents the following issues for review:

1.    Whether the Honorable [t]rial [c]ourt erred and abused its discretion in denying [Appellant]'s [s]econd [m]otion for [l]eave to file an [a]mended [c]omplaint where: (1) Reist received notice of the instant litigation within 90 days of the running of the statute of limitations; (2) Reist knew or should have known that he would be named as a party defendant; and (3) Reist will not be prejudiced in maintaining a defense on the merits.

2.    Whether the Honorable [t]rial [c]ourt erred and abused its discretion in denying [Appellant]'s [f]irst [m]otion for [l]eave to file an [a]mended [c]omplaint where [Barbon] and his agents actively misled [Appellant]'s undersigned counsel as to the identity of the driver in the motor vehicle accident at issue where [Barbon]'s agents knew the true identity of the driver of Barbon's vehicle on July 5, 2016 and knew or should have known that the driver of Barbon's vehicle would be at issue, and still did not disclose the identity of the driver to [Appellant]'s counsel until after the [s]tatute of [l]imitation had run.

3.    Whether the Honorable [t]rial [c]ourt erred and abused its discretion in granting [Appellant]'s [m]otion for [s]ummary [j]udgment where, had the [c]ourt granted either of [Appellant]'s prior [m]otions for [l]eave to [f]ile [an] [a]mended [c]omplaint, genuine issues of material fact would exist regarding negligence and causation, requiring submission of the case to the jury as finder of fact.

Appellant's Brief at 7-8.

Appellant's first two issues challenge the trial court's denial of his two requests to file an amended complaint. "The decision of the trial court to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." **TCPF Ltd. P'ship v. Skatell**, 976 A.2d 571, 574 (Pa. Super. 2009) (citations omitted). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality,

- 3 -

prejudice, bias, or ill will." ***Guntrum v. Citicorp Tr. Bank***, 196 A.3d 643, 646 (Pa. Super. 2018).

In his first issue, Appellant challenges the trial court's denial of his second request to file an amended complaint. In support, Appellant asserts that the trial court failed to properly apply the amendment to Pennsylvania Rule of Civil Procedure 1033, the rule that governs amendments to pleadings. Effective April 1, 2017, our Supreme Court amended Rule 1033 to add the following language as Subsection (b):

> **(b)** An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(b).

Appellant argues that the trial court should have permitted him under the framework adopted in Rule 1033(b) to file an amended complaint to add Reist as a party. Appellant contends that the provisions of Subsection (b) permitted him to add Reist as a party "relating back" to the commencement

of the action (July 3, 2018), and importantly, before the expiration of the two-year statute of limitations.[1]  Appellant argues:

> [Reist] knew or should have known that he would be named as a party in the instant litigation [because] he was made aware that the [c]omplaint concerned the motor vehicle accident in which he rear-ended [Appellant]'s vehicle in the same month in which Barbon was served with the [c]omplaint.  Further, Reist will not be prejudiced by presenting a defense on the merits as he has already done so.

Appellant's Brief at 15.

We first recognize that "the interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law." **Boatin v. Miller**, 955 A.2d 424, 427 (Pa. Super. 2008) (citation omitted).  Thus, "our standard of review is *de novo*, and our scope of review is plenary." **Id.**

Pennsylvania Rule of Civil Procedure 127 sets forth the guidelines for interpreting other rules of civil procedure.  **See** Pa.R.C.P. 127.  It states:

> Rule 127. Construction of Rules.  Intent of Supreme Court Controls
>
> (a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.
>
> (b) Every rule shall be construed, if possible, to give effect to all its provisions.  When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

---

[1]  "The following actions and proceedings must be commenced within two years: . . . Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct[.]"  42 Pa.C.S.A. § 5524(7); **see also Meadows v. Goodman**, 993 A.2d 912, 915 (Pa. Super. 2010) ("The statute of limitations for a personal injury claim is two years.").

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127. Importantly, "a note to a rule or an explanatory comment is not a part of the rule, but may be used in construing the rule." **Boatin**, 955 A.2d at 427 (citing Pa.R.C.P. 129(e)).

Because there is little case law applying the amendment to Rule 1033, we briefly review the governing principles of amending pleadings. This Court has summarized the following with respect to Rule 1033:

It is "beyond peradventure that leave to amend pleadings has traditionally been liberally granted in this jurisdiction." **Biglan v. Biglan**, 479 A.2d 1021, 1025 (Pa. Super. 1984) (citations omitted); **see** Pa.R.C.P. 126. As can be seen from the clear language of Rule 1033, no limit is imposed on the time when an amendment may be made. Thus, "[p]leadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." **Id.** at 1025-26 (emphasis added) (citing **Sheppard v. First Pa. Banking & Tr. Co.**, 184 A.2d 309, 311 (Pa. Super. 1962)); **see also Keller v. R.C. Keller Motor Co.**, 124 A.2d 105, 106 (Pa. 1956) (noting that pleadings may be amended at any stage of the proceedings); **Trabue v. Walsh**, 177 A. 815, 816 (Pa. 1935) ("Pleadings may be amended at any state of the case.").

As we explained in **Biglan**, "[t]he fundamental purpose of this rule is to prevent cases from turning on purely technical defects. . . . [H]ypertechnicality and formalism in pleading are contrary to modern practice of allowing free amendment in order to promote resolution of cases on their merits." **Biglan**, 479 A.2d at 1026

- 6 -

(citations omitted). Nonetheless, a trial court may deny amendment of pleadings if there is resulting prejudice or surprise to the adverse party. *Id.* "[P]rejudice, in turn, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Madiq Inc.*, 576 A.2d 1123, 1126 (Pa. Super. 1990) (citation omitted). In *Capobianchi v. BIC Corp.*, 666 A.2d 344 (Pa. Super. 1995), we noted that prejudice sufficient to deny amendment of the pleadings "must be more than a mere detriment to the other party[.]" *Id.* at 346. The "fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend[.]" *Id.* (citation omitted). Indeed, "[d]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Id.* at 347 (citation omitted). However, under the current language of Rule 1033, pleadings may not be amended to correct a party's name if more than 90 days have passed since the expiration of the statute of limitations. *See* Pa.R.C.P. 1033(b).

*Thom v. CDM Auto Sales*, 221 A.3d 681, 684-85 (Pa. Super. 2019) (citations modified; footnotes omitted).

In this case, Appellant did not seek to amend the complaint to correct a party's name. Rather, Appellant sought to amend the complaint to add Reist as a party because Reist, not Barbon, was the driver of the car that struck Appellant's vehicle. Appellant's Brief at 15. Historically, such practice was explicitly prohibited beyond the two-year limitations period. As this Court explained:

Pennsylvania Rule of Civil Procedure 1033 provides that a party, by consent or leave of court, "may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. However, amendment of a complaint after the statute of limitations has expired will not be permitted **where the**

**amendment attempts to bring a new party into the action**. As our Court has stated in a prior case:

> A plaintiff may not add a new defendant after the applicable statute of limitations has expired. *Hoare v. Bell Tel. Co. of Pa.*, 500 A.2d 1112 (Pa. 1985); *Zercher v. Coca–Cola USA*, 651 A.2d 1133 (Pa. Super. 1994). Thus, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. *Jacob's Air Cond. v. Assoc. Heating*, 531 A.2d 494, 496 (Pa. Super. 1987). "If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito*, 457 A.2d 1260 (Pa. 1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen*, 361 A.2d 842 (Pa. Super. 1976)." *Jacob's Air Cond. v. Assoc. Heating*, *supra*, 531 A.2d at 496. *Zercher v. Coca-Cola USA*, *supra*, 651 A.2d at 1135. If the proper party was sued but under the wrong designation, the correction will be allowed. However, **where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed**. *Hamilton v. Bechtel*, 657 A.2d 98 (Pa. Super. 1995).

> *Anderson Equipment Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. 1997) (footnote omitted).

*Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1132-33 (Pa. Super. 2001) (emphasis added; citations modified).

Thus, the test courts have employed to determine if an amendment is permissible after the expiration of the statute of limitations is whether the plaintiff sued the correct party, but under the wrong name, or whether the plaintiff sued the wrong party and sought to name another party. *See id.* There are numerous examples in Pennsylvania case law demonstrating that a plaintiff's failure to sue the correct party in a complaint ultimately led to the

termination of the suit. ***See, e.g.***, ***Saracina v. Cotoia***, 208 A.2d 764,766 (Pa. 1965) (affirming trial court's refusal to permit plaintiff, who was struck by a vehicle, to amend the complaint after the statute of limitations had run where the plaintiff improperly named the driver's father as the sole defendant); ***Ferraro***, 777 A.2d at 1137 (upholding trial court's refusal to allow plaintiff, who was struck by a vehicle, to amend the complaint after the statute of limitations expired, where the plaintiff incorrectly named the driver's wife as the lone defendant).

Appellant asserts that Rule 1033(b) now permits a party to amend the pleadings to add or substitute another party to a suit after the limitations period. We disagree.

The Explanatory Comment for the 2017 amendment to Rule 1033 states:

> Currently, the Rules of Civil Procedure do not expressly permit an amendment correcting the name of a party against whom a claim is asserted to relate back without a showing of concealment when the statute of limitations has expired and the effect of that correction operates to add another party. However, case law has interpreted the Rules to permit such an amendment within the statute of limitations. Rule 1033 has been amended to expressly permit amendments correcting the name of the party against whom a claim is asserted to relate back to the date of the commencement of the action if within ninety days after the period provided by law for commencing the action, the party to be brought in by the amendment has received notice of the commencement of the action such that it will not be prejudiced in obtaining a defense on the merits, and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

- 9 -

Consider the following example: Harry Roberts, who resides at 949 Alcoma Street, Pittsburgh, PA, was the driver of an automobile which struck the plaintiff when he was crossing the intersection at Grant and Forbes Street, Pittsburgh, PA, at approximately 11:00 a.m. on October 11, 2013. The plaintiff's complaint, filed on October 2, 2015, mistakenly identifies the driver as Henry Rosen. He is the only named defendant in the complaint.

On October 7, 2015, the Sheriff made service by serving Mary Roberts at 949 Alcoma Street, Pittsburgh, PA. She is described in the Sheriff's Return as the wife of the defendant. On January 2, 2016, the complaint is amended to correct "Henry Rosen" to "Harry Roberts."

The amendment of Rule 1033 expressly permits the plaintiff to amend the complaint to correct the name of the defendant to Harry Roberts, because it is clear from the body of the complaint that the plaintiff was suing the driver of the automobile which struck the plaintiff and service of the complaint furnished sufficient notice to Harry Roberts that a lawsuit has been initiated against him for actions he is liable for even though the defendant is identified on the complaint as Henry Rosen. This is consistent with existing case law and codifies current practice.

Pa.R.C.P 1033 (Explanatory Comment -- 2017).

Thus, while Rule 1033(b) and the Explanatory Comment permit a plaintiff to "correct" the name of a party to "relate back" to before the expiration of the statute of limitations, neither the rule nor the comment permit or contemplate a plaintiff adding or substituting another individual after the statute of limitations has expired. ***See id.*** Additionally, the Explanatory Comment states that we are to read Rule 1033(b) "consistent with existing case law and codif[ying] current practice." ***Id.*** The existing case law is well-settled – "where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed." ***Ferraro***, 777 A.2d

at 1133. Here, Appellant sought to amend the complaint to include Reist. Appellant's Brief at 15. Therefore, the trial court did not err in denying his second motion for leave to amend the complaint. **See id.**

Moreover, Rule 1033(b) states that a plaintiff may only amend a complaint to correct the name of the party where "the action would have been brought against th[at] party but for a mistake concerning the identity of the proper party." Pa.R.C.P. 1033(b). The trial court emphasized that in this case, there was no mistake concerning the correct identity of the driver, Reist, who rear-ended Appellant's vehicle. **See** Trial Court Opinion, 2/14/20, at 2-3. Appellant admitted in his deposition testimony that after the accident, Reist provided him with Reist's name, address, automobile insurance information, and driver's license. N.T., 10/16/18, at 8-11, Exhibit 1 (Deposition of Appellant). It is undisputed that Appellant knew Reist's identity.

In sum, the trial court correctly determined that Rule 1033(b) was inapplicable, and did not abuse its discretion in denying Appellant's second motion for leave to file an amended complaint.

Next, Appellant argues that the trial court abused its discretion in denying his first request to file an amended complaint. Appellant asserts that Barbon and his insurer, Nationwide, actively concealed Reist's identity from Appellant's counsel. Appellant contends that neither Barbon nor Nationwide mentioned Reist to Appellant's counsel in any correspondence in the months following the accident.

Appellant references this Court's holding that "the statute of limitations is tolled where a defendant actively conceals the identity of the party against whom a plaintiff intends to bring a cause of action." ***Lafferty v. Alan Wexler Agency, Inc.***, 574 A.2d 671, 672 (Pa. Super. 1990). In this case, however, the record belies Appellant's claim. The trial court observed that Appellant "always knew the driver's identity." Trial Court Opinion, 2/14/20, at 5. As noted above, Appellant testified that Reist provided him with his name, address, automobile insurance information, and driver's license at the scene of the accident. N.T., 10/16/18, at 8-11, Exhibit 1 (Deposition of Appellant). Thus, the fault for Appellant's counsel not knowing the correct identity of the driver lies with Appellant and his counsel. As the record does not support Appellant's second claim, we cannot conclude that the trial court abused its discretion in denying Appellant's first motion for leave to file an amended complaint.

Finally, we turn to Appellant's third issue: whether the trial court properly granted summary judgment. Our standard of review regarding a trial court's decision to grant or deny summary judgment is as follows:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment

may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014).

Here, the trial court based its decision to grant summary judgment on Appellant's failure to name the proper party, Reist, as a defendant in his suit alleging negligent operation of a vehicle. ***See*** Trial Court Opinion, 2/14/20, at 7-8. Based on our review of the record, the evidence supports the trial court's determination that Appellant did indeed sue the wrong individual, and the trial court did not abuse its discretion in denying Appellant's motions for leave to file an amended complaint. Therefore, we conclude that the trial court correctly determined that there were no disputed material facts and Barbon was entitled to judgment as a matter of law. ***See Thompson***, 95 A.3d at 904.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/29/2020

- 13 -