# Hollidaysburg Borough, Appellant, *v.* Snyder, Executor.

*Decedents' estates—Real estate—Liability for decedents' debts.*

1. The limitation imposed by the Act of June 14, 1901, P. L. 562, "that no debts of a decedent except as may be secured by mortgage or by judgment or revived by scire facias five years prior to the death of such decedent shall remain a lien on the real estate of such decedent longer than two years after the death of such decedent, unless an action for the recovery thereof be commenced ......within a period of two years after his decease," relates to debts existing at the time of decedent's death and does not include liabilities of any other kind or nature.

2. The order holding an affidavit of defense sufficient will not be disturbed on appeal where the correct result has been reached by the court below, although the true legal significance of the facts alleged in the affidavit was misapprehended or misconstrued.

3. An action was brought against a borough for injuries resulting to a pedestrian from a fall upon a sidewalk in the borough, and judgment was rendered for plaintiff. Thereafter the owner of the land upon which the sidewalk was built died. More than two years after the death of the decedent the borough brought an action against the executor of the decedent and recovered a judgment. A writ of scire facias was issued to revive the judgment and continue it as a lien on certain real estate formerly of the decedent but which had passed into the hands of devisees. The owner of the property to whom it had been devised by the decedent alleged in an affidavit of defense that the claim had lost its lien upon the land if any it had. The court discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense on the ground that suit had not been commenced within two years of decedent's death. *Held,* the affidavit of defense was sufficient for the reason that plaintiff's claim was not a debt existing at the time of the death of the decedent within the meaning of the Act of 1901, and could not therefore, under any circumstances be a lien against decedent's property after his death.

Argued April 17, 1917. Appeal, No. 136, Jan. T., 1916, by plaintiff, from judgment of C. P. Blair Co., Oct. T., 1912, No. 128, refusing judgment for plaintiff for want of a sufficient affidavit of defense, in case of Borough of Hollidaysburg v. Plymouth W. Snyder, Individually,

Plymouth W. Snyder, Agent for Anna C. Bell, and Plymouth W. Snyder, Executor of Anna C. Bell, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before BALDRIGE, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Marion D. Patterson* and *Thos. H. Greevy,* for appellant.—The judgment obtained against the executor of Anna C. Bell is not such a debt as comes within the provisions of the Act of June 14, 1901, P. L. 562, inasmuch as it was not an existing debt at the time of the decedent's death. The right of purchasers or heirs not being affected, the executor being the sole devisee of the testatrix, no appraisement having been filed and the estate still remaining unadministered, judgment should have been opened for the sole purpose of affording an opportunity to plead the statute of limitations: Ashley Boro. v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425; Woods v. Irwin, 141 Pa. 278.

*J. Lee Plummer,* with him *John M. Snyder* and *Wm. L. Snyder,* for appellee.—The limitation of the Act of June 14, 1901, P. L. 562, was duly pleaded.

The plaintiff's demand was a debt of the decedent on the day of her death: Lohr v. Philipsburg Boro., 156 Pa. 246.

The action over is a personal action not de terris: Brookville Boro. v. Arthurs, 130 Pa. 501.

The real estate of the decedent is not liable for the claim of plaintiff.

OPINION BY MR. JUSTICE STEWART, June 30, 1917:

In an action at law brought by one Terressa Green, against the Borough of Hollidaysburg, to recover compensation for certain injuries which she had sustained in a fall upon a sidewalk or pavement in the borough, judgment was recovered for the plaintiff, which on appeal to this court was affirmed May 13, 1912. The judgment was thereupon paid by the borough. In March following the borough brought its action to recover the amount it had so paid, against the executor of one Anna C. Bell, deceased, who had been at the time of the accident the owner of the property in front of which it occurred. A verdict was returned in favor of the plaintiff January 29, 1915, in the sum of $2,072.31, and judgment was accordingly entered thereon. A writ of scire facias to revive this judgment and continue the lien of the same against the real estate of the said Anna C. Bell and Plymouth W. Snyder, sole devisees, requiring that they show cause why the plaintiff should not have judgment and execution against said lands, etc. To this writ an affidavit of defense was filed which set out among other things that Anna C. Bell, the owner of the property at the time of the accident, had died 21st of February, 1909, more than two years before the institution of the action by the borough, that within the two years after her death, no action for the recovery of this debt had been commenced, nor was any such claim indexed in the judgment index as other liens are indexed, in accordance with the provisions of the Act of Assembly approved the 14th of June, 1901, P. L. 562, by reason whereof the demand of the plaintiff had lost its lien—if any it had—on the real estate of which the said Anna C. Bell died seized, and the same had passed to her devisee discharged of all liability for indebtedness of Anna C. Bell.

The one and only purpose of the proceeding was to charge the real estate of the decedent, Anna C. Bell, with a liability for which it is claimed she was answerable at

the time of her death, though not secured by mortgage or judgment, and for the recovery of which no action had been brought in her lifetime, nor within two years after her death. The affidavit of defense filed in the case set up the Act of 14th June, 1901, which in express terms provides that "no debts of a decedent, except they be secured by mortgage or judgment......shall remain a lien on the real estate of such decedent longer than two years after the decease of such debtor, unless an action for recovery thereof be commenced, etc." The facts set out in the affidavit of defense were quite sufficient to show that a judgment in favor of the plaintiff could not be self-sustaining. It is of no consequence that their true legal significance was misapprehended or misconstrued, and that the conclusions reached in the court below were influenced by such misapprehension. The facts were there all the same, and it is for this court to give them their proper legal effect. If by giving them that effect the same result is reached as was reached in the court below, there can be no reason for disturbing the order of the court. The facts set out in the affidavit show clearly that a judgment in the proceeding for the plaintiff could not be self-sustaining. The learned trial judge was of opinion that no action having been brought within the period named in the act, there could be no recovery, and accordingly refused plaintiff's motion for judgment for want of sufficient affidavit. This view loses sight of the purpose and object of the act. The limitation imposed by the act relates to debts of the decedent existing at the time of death, and nothing can be found in any of its provisions that extends it so as to bring within its scope liabilities of any other kind or nature. At the time of the death of Anna C. Bell, there was no legal duty resting on her to pay the claim of Terressa Green, which was afterward put in judgment against the borough. Because of its secondary liability, the borough was supposed to have a right of action over against the owner of the property as a primary debtor. But this

was at most an unacknowledged and unliquidated claim, so far as it concerned Anna C. Bell. Whether there was any legal liability upon her had not been ascertained, and no step had been taken to determine that question. Until determined by a judgment obtained, whether amicably or by suit, is immaterial; it remained simply a claim with none of the characteristics of a debt. In Chapman's Appeal, 122 Pa. 331, a case decided in 1888, the reference in the opinion being to the Limitation Act of 1834, which provided that the debts of a decedent should remain a lien upon the real estate for five years after death, Mr. Justice Paxson uses this language: (p. 341), "In the case in hand, however, much stress was laid upon the Act of February 24, 1834, P. L. 70, Sec. 24, which provides that the debts of a decedent shall remain a lien upon his real estate for five years after his death. It is to be observed, however, that the Act of 1834 did not create a lien. It merely limited the extent of a lien, at one time indefinite, and by the Act of April 19, 1794, P. L. 143, restricted to a period of seven years, to the period of five years. It would be noticed, moreover, that the act refers only to debts due by decedents; it has no reference to mere claims against the estate. A debt established or admitted is a lien against the real estate of a decedent for the period of five years after his decease; a mere claim is not a lien until first established as a debt. When, therefore, a claimant demands the benefit of a statutory lien, he must first show that he has a debt."

In the action against the borough, the liability of the latter was established; in the action over by the borough against Snyder, executor of Anna C. Bell, deceased, the liability of the decedent's estate was likewise established; but that is a very different thing from saying that the real estate which belonged to Anna C. Bell at the time of her death was thereupon subjected to the lien of the judgment recovered against her estate. At the time of her death it had not been subjected to any lien,

and she had devised it to Plymouth W. Snyder, who, from that day to this has held it as her devisee. Here we encounter the rights of a third party. At the time the suit was brought by the borough to recover over from Bell's estate the amount it had been compelled to pay, Anna C. Bell had been dead more than two years; no lien existed at the time of her death, none had been subsequently acquired, and all right of action for or on account of the injury to Terressa Green, had terminated under the Act of June 24, 1895, P. L. 236. After the expiration of the statutory period of two years following the death of the testatrix, the real estate which had been hers at her death being absolutely without lien of any kind, passed beyond the reach of creditors, if any she had. Not so with respect to her other estate, it remained answerable so long as right of action existed, but with respect to the real estate, whether in the hands of purchasers, heirs or devisees, after the statute of limitation had done its perfect work, it had passed beyond the grasp of creditors. So it is that the judgment obtained against the executor in this case, unappealed from, is conclusive and correct enough within itself; it is sufficient to support proceedings for its enforcement, but it cannot be made a basis for a proceeding to establish a lien on real estate in the hands of a third party to whom the law has given its assurance of repose. Keeping in mind the distinction between right of action and right of lien and the several statutes of limitation respecting each, it is easy to see that there is no conflict whatever between what we have here said and the ruling of the court in Ashley v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425. Nothing we have said denies to the appellant as secondary debtor the right of action against the estate of Anna C. Bell for subrogation; it merely denies the right to subject real estate which by operation of the statute of limitation has ceased to be liable for her debts and has passed to others through her act. The appeal from the action of the court below overruling the motion for judgment for want of sufficient affidavit of defense is dismissed.