479 A.2d 1021

Dolores BIGLAN, Executrix of the Estate of
Albert M. Biglan

v.

Henry M. BIGLAN and Northeastern National Bank
and Trust Company.

Appeal of Henry M. BIGLAN.

Dolores BIGLAN, Executrix of the Estate of Albert
M. Biglan, Appellant

v.

Henry M. BIGLAN and Northeastern National Bank
and Trust Company.

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed June 22, 1984.

514

Robert J. Borthwick, Scranton, for appellant (at No. 2889) and for appellee (at No. 2897).

John R. O'Brien, Scranton, for appellant (at No. 2897) and for appellee (at No. 2889).

Before MONTEMURO, CERCONE and HESTER, JJ.

HESTER, Judge:

This case in equity involves an appeal and a cross-appeal, both parties assigning error to the determination of the court below dismissing the action. For the reasons that follow, we reverse and remand for trial.

Appellee-cross-appellant (hereinafter appellee) Dolores Biglan, Executrix of the Estate of Albert Biglan, deceased, filed this action on March 30, 1965, seeking to enforce an alleged assignment of certain stocks by appellant-cross-appellee (hereinafter appellant) to his brother, Albert M. Biglan. Appellant filed a counterclaim for damages due to his inability to sell or otherwise transfer the stock since the institution of the suit, and for the return of certain shares of stock which he had transferred to Albert.

On the day of trial, September 10, 1981, appellant filed a motion to dismiss appellee's action for failure to comply with 20 Pa.C.S.A. § 4101(2). The chancellor granted appellant's motion, holding that appellee, by failing to provide an affidavit required by the above statute, lacked capacity to sue as a foreign fiduciary. Appellee's oral motion to amend her complaint to comply with § 4101(2) was denied as

untimely. However, appellee's motion to dismiss appellant's counterclaim was granted. From these dismissals, the parties have appealed.

■■■ The first issue we will address is whether the lower court erred in dismissing appellee's complaint. Albert Biglan died a resident of New York; as executrix of his estate, appellee is a foreign fiduciary for purposes of filing an action in the Commonwealth. A foreign fiduciary may institute legal proceedings in the Commonwealth subject to the conditions and limitations imposed by 20 Pa.C. S.A. § 4101. That statute requires the foreign fiduciary to provide the following documents:

(1) Copy of appointment. The foreign fiduciary shall file with the register of the county where the power is to be exercised, or the proceeding is instituted, or the property concerning which the power is to be exercised is located, an exemplified copy of his appointment or other qualification in the foreign jurisdiction, together with an exemplified copy of the will or other instrument, if any, in pursuance of which he has been appointed or qualified....

(2) Affidavit. The foreign fiduciary shall execute and file an affidavit with the register of the county where the power is to be exercised or the proceeding is instituted or the property concerning which the power is to be exercised is located, stating that after diligent search and inquiry, the estate of which he is fiduciary is not, to his knowledge or so far as he has been able to discover, indebted to any person in the Commonwealth, and that he will not exercise any power which he would not be permitted to exercise in the jurisdiction of his appointment. The affidavit shall be attached to the copy of appointment.

20 Pa.C.S.A. § 4101. Appellee failed to file the above-mentioned documents prior to the institution of the within litigation. However, on the day of trial, exemplified copies of her appointment and the will had been duly filed. The only requirement which remained unfulfilled was the filing

518

of an affidavit stating that the estate was not indebted to anyone in the Commonwealth. Appellee moved to amend her complaint by filing such an affidavit; however, appellant objected, contending that an action which he instituted in New York against the estate constituted a debt of the estate. Appellant therefore asserted that appellee could not lawfully execute an affidavit averring that the estate owed no debts to any person in the Commonwealth.

The lower court refused to permit appellee to amend her complaint. In his opinion, the chancellor considered "the amount of delay as well as the existence of a filed claim against the estate" in denying appellee's application to belatedly file the required affidavit. Although the court cited both reasons as the bases for its decision, it emphasized appellee's failure to file the appropriate documents necessary to institute this lawsuit throughout the extended period of time that this case has been in progress.

■■■ The applicable standard of review in the consideration of an appeal from a final order in equity is well-settled. The findings of fact of a chancellor have the effect of a jury verdict and if based on legally competent and sufficient evidence, will not be disturbed on appeal. *Snellbaker v. Herrmann*, 315 Pa.Super. 520, 462 A.2d 713 (1983); *August Petroleum Co. 77B v. Casciola*, 303 Pa.Super. 374, 449 A.2d 735 (1982); *Wright v. Buckeye Coal Co.*, 290 Pa.Super. 231, 434 A.2d 728 (1981). However, it is the duty and function of this Court to scrutinize the inferences and legal conclusions drawn from those facts. *Silo Realty Corp. v. Redevelopment Authority of City of Philadelphia*, 289 Pa.Super. 67, 432 A.2d 1053 (1981); *McDole v. Duquesne Brewing Co. of Pittsburgh*, 281 Pa.Super. 78, 421 A.2d 1155 (1980). If an error of law or an abuse of discretion were committed, the decision of the chancellor must be reversed. *Dudash v. Dudash*, 313 Pa.Super. 547, 460 A.2d 323 (1983).

■■■ The determination by the chancellor that the action filed against the estate constituted a debt and that the lack of compliance with § 4101 deprived appellee of capacity to

sue are conclusions of law and, as such, are fully reviewable by this Court.

▆▆▆▆ Initially, we agree with the interpretation of § 4101 by the court below that a debt by the estate to a citizen of this Commonwealth forecloses the availability of our judicial system as a forum in which to sue. We must agree with appellee, however, in her contention that an unadjudicated claim against the estate does not constitute a debt for the purposes of this statute. Section § 4101(2) requires the foreign fiduciary to file an affidavit authorizing his or her investigation, search, and conclusion that the estate owes no debts within the Commonwealth. The purpose of this statute is to prevent the fiduciary from instituting any proceedings or exercising any powers pursuant to administration of the estate when creditors of the estate are citizens of this Commonwealth. The most common reason for instituting proceedings is for the sale or distribution of assets. By requiring the above affidavit, the legislation protects the interests of local creditors of the estate and obviates the need to pursue their interests in a foreign jurisdiction when a res exists in the Commonwealth.

This aim is not served by permitting an unliquidated claim to obstruct the execution of the fiduciary's responsibilities to the estate. "Debt" is defined by Black's Law Dictionary as "a sum of money due by certain and express agreement; as by bond for a determinate sum, a bill or note, a special bargain, or a rent reserved on a lease, where the amount is fixed and specific, and does not depend upon any subsequent valuation to settle it." BLACK'S LAW DICTIONARY 490 (rev. 4th ed. 1969). By equating a cause of action with a certain debt, the lower court has, in effect, ruled that any proceedings instituted by the fiduciary could be blocked by the mere filing of a claim against the estate. Just that has occurred herein, where the debtor of the estate has achieved a dismissal of the action against him by simply filing an action against the estate. Surely, such was not the intent of the legislature when it bestowed upon

foreign fiduciaries the rights and powers of a local fiduciary, albeit subject to the limitations of a foreign suitor.

We therefore hold that until a debt has been judicially established, whether through a lawsuit or an audit pursuant to the grant of ancillary administration, an asserted but unliquidated obligation does not constitute an indebtedness for the purpose of § 4101(2). See *In re Parkhurst Estate*, 14 D & C 2d 661 (1957). See also *Hollidaysburg Borough v. Snyder, Executor*, 258 Pa. 490, 102 A. 168 (1917). Consequently, the existence of an unliquidated claim against the estate would not prevent the executrix from filing the requisite affidavit.

As to the timeliness of the filings of the copy of appointment, the exemplified will, and the affidavit of non-indebtedness, we must once again differ with the conclusion of the chancellor. For the following reasons, we find that appellee's action is not barred by her procedural errors.

First, the statute itself is silent as to any time limitations. The legislature imposed no requirements as to when the necessary documents were to be filed or the effect upon the action if the documents were not filed. If anything, the language appears to indicate that the documents could be filed *after* the proceeding was underway: "The foreign fiduciary shall execute and file an affidavit with the register of the county *where* the power is to be exercised or *the proceeding is instituted . . . ."* 20 Pa.C.S.A. § 4101(2) (emphasis added). In the face of this ambiguous language, we cannot interpret § 4101 to comprise a condition precedent to the institution of a legal proceeding.

Second, it is beyond peradventure that leave to amend pleadings has traditionally been liberally granted in this jurisdiction. *Dietrich Industries, Inc. v. Abrams*, 309 Pa.Super. 202, 455 A.2d 119 (1982); *Sullivan v. Allegheny Ford Truck Sales, Inc.*, 283 Pa.Super. 351, 423 A.2d 1292 (1980). Pa.R.C.P. 1033 provides "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a

party or amend his pleading."[1]  As can be seen from the clear language of this rule, no limit is imposed on the time when an amendment may be made.  Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom.  *Sheppard v. First Pennsylvania Banking & Trust Co.*, 199 Pa.Super. 190, 184 A.2d 309 (1962).  The fundamental purpose of this rule is to prevent cases from turning on purely technical defects.  *Keller v. Keller Motor Co.*, 386 Pa. 56, 124 A.2d 105 (1956); *Solomon v. Luria*, 213 Pa.Super. 87, 246 A.2d 435 (1968).  As our Supreme Court once observed, "hypertechnicality and formalism in pleading [are] contrary to the modern practice of allowing free amendment in order to promote resolution of cases on their merits."  *Wm. Penn Parkway Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 187, 346 A.2d 269, 278 (1975).

That is not to say that the right to amend pleadings is to be granted as a matter of course.  Although the accepted practice favors permitting amendments, the right to amend is subject to the discretion of the trial court and is properly denied if there is resulting prejudice to the adverse party.  *Mancine v. Concord-Liberty Savings & Loan Ass'n.*, 299 Pa.Super. 260, 445 A.2d 744 (1982); *Sands v. Forrest*, 290 Pa.Super. 48, 434 A.2d 122 (1981).

However, appellant alleged no prejudice at trial when appellee moved to amend her complaint, or in this appeal.  He was fully apprised of the action against him and the amendment in question would not have resulted in the assertion of new claims against him for which he was unprepared.  The record discloses no prejudice that would justify the court's denial of appellee's proposed amendment.

1. See also Pa.R.C.P. 126:
   The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.  The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the party.

Finally, our conclusion finds support in two federal cases on point. Although § 4101 has not been interpreted by this Court heretofore, the United States District Court for the Western District of Pennsylvania was recently confronted with a factually similar case. Therein, an administratrix from West Virginia filed a survival cause of action in that court without complying with the conditions of § 4101. The defendants contended that the administratrix lacked capacity to sue, particularly since the statute of limitations on the cause of action had since expired. The District Court duly considered the general philosophy of pleading, the need to provide fair notice of the general fact situation out of which the claim arose, and the preference that the decision of a case turn on the merits and not on the technical niceties of pleading. Finding no prejudice inuring to the defendants from plaintiff's failure to comply with § 4101 prior to institution of the suit, the motion to dismiss was denied and amendment was allowed. *Hunt v. Penn Central Transportation Co.*, 414 F.Supp. 1157 (W.D.Pa.1976). The other federal case applying this statute reached a similar result. See *Greene v. Goodyear, et al.*, 112 F.Supp. 27 (M.D.Pa. 1953). The reasoning of the District Court confirms our view of § 4101 and sustains our analysis hereinbefore stated.

■ We are forced to conclude, therefore, that the denial of appellee's motion to amend her complaint was an abuse of discretion, and the chancellor's determination that the filed claim against the estate constituted a debt was an error of law. Where, as here, the refusal to allow the amendment resulted in putting appellee out of court, the chancellor's decision must be reversed. We hereby reinstate appellee's complaint and remand for trial.

■ In so doing, we also reinstate appellant's counterclaim, which was dismissed by the chancellor when he dismissed appellee's complaint. The chancellor ruled that the court lacked jurisdiction to hear the counterclaim once the original claim was dismissed. However, having rein-

stated the complaint, the lower court may now likewise entertain the counterclaim.

Reversed and remanded for proceedings not inconsistent with the above opinion. Jurisdiction is hereby relinquished.

MONTEMURO, J., concurs in the result.