J-A28040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SCOTT F. LINDE, INDVIDIUALLY AND AS TRUSTEE OF THE SCOTT F. LINDE FAMILY S CORPORATION TRUST | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : : | No. 1045 EDA 2024 |
| LINDE ENTERPRISES, INC., A PENNSYLVANIA CORPORATION, AND ERIC LINDE | : : : : | |

Appeal from the Order Entered March 20, 2024
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2019-00348

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 8, 2025**

Appellant Scott F. Linde, both in his individual capacity and as trustee of the Scott F. Linde Family S Corporation Trust (Scott Trust), appeals from the order denying his request to amend an amended complaint to include a shareholder derivative action and granting Linde Enterprises, Inc. (LEI), and Eric Linde's (collectively, Appellees) motion for compulsory non-suit.  On appeal, Appellant alleges that the trial court abused its discretion when it denied his motion for leave to file an amended complaint to raise a shareholder derivative cause of action.  We affirm.

A previous panel of this Court set forth the following factual and procedural history:

Scott and Eric [Linde (individually, Appellant and Eric)] are brothers. At issue in this litigation is LEI, a construction company started by their father. Initially, [Appellant] and Eric each owned 300 shares of stock in LEI. Their sister Barbara, who is not involved in this lawsuit, owned approximately 100 shares. [Appellant] placed his shares into the Scott Trust, and for reasons not apparent in the record, the Scott Trust had one share of LEI stock at the inception of this litigation.[FN1] Barbara placed her shares into her own trust. [Appellant] was a director for LEI, but was removed from that position due to alleged wrongdoings. Eric, as the majority shareholder, controlled the board of directors, and eventually served as president of LEI from 2012 to 2020.

> [FN1] [Appellant] is the settlor, sole trustee, and sole beneficiary of the Scott Trust.

Since 1999, the siblings have been involved in multiple lawsuits against each other, including a 1999 shareholder derivative action filed by Eric against [Appellant] and Barbara for allegedly starting their own company and funneling assets of LEI into their company. A trial in that action was scheduled to commence in 2014; however, on the eve of trial, Eric and [Appellant] reached a settlement agreement ("Agreement"). The Agreement provided, in part, that, in exchange for Eric's 300 shares of stock in LEI and Eric's stock in another corporation, [Appellant] would pay Eric $2,000,000, and would transfer his interests in certain other entities and land to Eric. Essentially, the Agreement would divest Eric of his interest in and control of LEI, and transfer control of LEI to [Appellant] upon his payment of $2,000,000 and transfer of specified interests to Eric. Pursuant to the LEI Shareholders Agreement, Eric provided notice to LEI of his intent to sell his LEI stock. After LEI declined to purchase any of Eric's shares, Eric provided notice to the remaining shareholders (*i.e.*, [Appellant] and Barbara) of his intent to sell his shares. Barbara declined to purchase any of Eric's shares. Based on his rights as a minority shareholder, [Appellant] attempted to purchase 212 of Eric's shares of LEI stock through the terms of the Stock Purchase Agreement, which would have permitted [Appellant] to acquire a majority of Eric's shares for an amount considerably less than the amount specified in the Agreement. However, when [Appellant] notified LEI of his intent to purchase some of Eric's stock pursuant to the Stock Purchase Agreement, Eric advised [Appellant] that he was legally obligated to purchase all of Eric's shares pursuant to the terms of the Agreement, and that his initial payment of $1,000,000 was due. [Appellant] did not make any settlement

payments to Eric or transfer his interests per the terms of the Agreement. Instead, [Appellant] initiated a lawsuit against Eric seeking to compel him to deliver 212 shares of his stock pursuant to the Stock Purchase Agreement.

In 2016, Eric commenced a lawsuit against [Appellant] asserting a claim for breach of contract and seeking specific performance of the Agreement ("the enforcement action"). [Appellant] counterclaimed that Eric breached the Agreement by not complying with the notice requirements of the Stock Purchase Agreement. The enforcement action proceeded to a non-jury trial at the conclusion of which the court determined, *inter alia*, that: [Appellant] breached the Agreement in October 2014; [Appellant] never intended to purchase Eric's stock in LEI as per the terms of the Agreement; [Appellant's] deceptive conduct was a pretext to avoid Eric's 1999 derivative action; and Eric did not breach the Agreement. The trial court additionally found that [Appellant] was delinquent in making payments due under the Agreement and ordered [Appellant] to immediately pay $1,400,000 before a final settlement could take place per the terms of the Agreement. The court thereafter entered judgment in Eric's favor, and [Appellant] appealed. This Court affirmed the judgment and our Supreme Court denied allowance of appeal. ***See Linde v. Linde***, 210 A.3d 1083 (Pa. Super. 2019); *appeal denied*, 224 A.3d 1091 (Pa. 2020).

In 2019, [Appellant] filed the present action asserting a claim for unjust enrichment against Eric and LEI, and claims for breach of fiduciary duty, fraud, and conversion solely against Eric. Although [Appellant] did not assert a claim for breach of contract, he repeatedly averred in the complaint that Eric breached the terms of the Agreement. [Appellant] claimed that Eric violated the business standstill clause in the Agreement, which purportedly would have required the shareholders and directors of LEI (including Eric) to refrain from taking any action relating to the company until the settlement was completed and Eric's shares of LEI stock had been transferred to [Appellant. Appellant] asserted that Eric further breached the Agreement by devaluing LEI by more than $1,000,000 through misappropriating LEI funds and assets, paying legal fees for which LEI was not responsible, illegally transferring LEI properties for nominal consideration, and improperly invoicing LEI for unnecessary expenses.

The matter proceeded to a bifurcated non-jury trial which took place over three days in August 2021, April 2022, and June 2022.

- 3 -

On the third day of trial, [Appellant] moved to amend the complaint to conform the pleading to the evidence presented at trial. [Appellees] consented to the amendment. After [Appellant] rested his case, Eric moved for compulsory nonsuit on the basis that, *inter alia*, [Appellant] was an improper party to the action since his claims were derivative in nature and he was not asserting the claims as a shareholder on behalf of LEI but was merely asserting the claims in his individual/trustee capacity. The trial court took the matter under advisement and permitted the parties to file briefs on the motion to amend and the motion for compulsory nonsuit. Ultimately, the court granted [Appellant's] motion to amend the complaint, but nevertheless granted Eric's motion for compulsory nonsuit on the basis that [Appellant], in his individual/trustee capacity, was not a proper party to file the action. [Appellant] then filed a post-trial motion to remove the entry of nonsuit, which the trial court denied. [Appellant] filed a timely notice of appeal.

*Linde v. Linde Enterprises, Inc.*, 2212 EDA 2022, 2023 WL 7408651 at *1-2 (Pa. Super. filed Nov. 9, 2023) (unpublished mem.) (some footnotes omitted).

On appeal, this Court affirmed the trial court's order in part, but vacated the judgment and the trial court's order denying post-trial relief, and remanded the case "for the trial court to address the request to amend the amended complaint and determine whether such request should be granted or denied[.]" *Id.*, 2023 WL 7408651 at *7.

On remand, the parties submitted briefs to the trial court and the trial court held oral argument. On March 20, 2024, the trial court entered an order denying Appellant's request to amend the amended complaint to assert a shareholder derivative action and granted Appellees' motion for compulsory non-suit. *See* Trial Ct. Op. and Order, 3/20/24, at 6.

- 4 -

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court filed a statement wherein it adopted and incorporated the entirety of its March 20, 2024 opinion and order. *See* Trial Ct. Statement of Reasons, 5/8/24.

Appellant raises the following issues for our review:

1. [Appellant's] request to amend the amended complaint to correct and to confirm [Appellant's] identity as a shareholder of LEI was consistent with the import of **Hill v. Ofalt**, 85 A.3d 540 (Pa. Super. 2014) and its progeny;

2. The timing of [Appellant's] request to amend the amended complaint did not prejudice Eric and would not require the addition of any party, new evidence, or cause of action;

3. The [trial] court noted that it was "unclear" as to whether some or all of [Appellant's] claims were barred by the statute of limitations at the time of the request in July of 2022 and no findings were made by the [trial] court as to whether any claims were in fact barred by any statute of limitations;

4. [Appellant's] request is in conformance with the Pennsylvania Business Corporation Law, 15 Pa.C.S. § 101, *et seq.* (the BCL), particularly since (and as the evidence at trial demonstrated) [Appellant] was a frozen out, minority shareholder of LEI; and

5. The [trial] court considered matters outside the trial record, *inter alia*, the complaint docketed to Wayne County docket number 594-2022-C?

Appellant's Brief at 5-6 (some formatting altered).

We address Appellant's first two issues together. Appellant contends that the trial court erred when it denied his request to amend the amended complaint to correct his identity as a shareholder of LEI in order to raise a derivative action "based upon the facts presented at trial, and to conform the amended complaint as a shareholder derivative action based upon the facts

- 5 -

of the case." *Id.* at 37 (some formatting altered). Appellant specifically argues that the trial court erred because its decision to deny Appellant leave to amend the amended complaint was inconsistent with this Court's decision in *Hill v. Ofalt*, 85 A.3d 540 (Pa. Super. 2014), and its progeny. *Id.* at 42-48.

Appellant contends that the timing of his motion for leave to amend the complaint did not prejudice Appellees, nor would such an amendment require the addition of any party, new evidence, or cause of action. Appellant's Brief at 48. Specifically, Appellant alleges that throughout the duration of the litigation, Appellees—particularly Eric Linde—have been adequately notified of the facts giving rise to the amended cause of action. *Id.* at 49-50. Appellant further states:

> The substance of the pleadings in this case, as well as the information produced through discovery and the evidence presented at trial, are sufficient to inform Eric as to the nature of the claims and likewise, to permit the action styled as a derivative action to proceed. Amending the amended complaint does not adversely impact Eric's capability to defend those claims in this action, nor does it affect Eric's ability to protect himself in the instant litigation. Eric's position in [] this case is not impacted or prejudicially affected by [Appellant's] request to amend the amended complaint. The same parties and evidence are salient to the claims presented at trial, save for the designation of [Appellant] as a shareholder of LEI. The relevant facts and defenses remain unaltered. The assets subject to liability remain the same. The facts, legal theories, and defenses also remain the same. The proposed amendment to the amended complaint will contain no new conduct, transactions, or occurrences which were not presented at trial during [Appellant's] case-in-chief . . . . Moreover, the revision of the amended complaint would not have the effect of adding a new party or a new cause of action. Under

- 6 -

any circumstance, Eric will suffer no surprise or prejudice as a result of the amendment.

*Id.* (some formatting altered).

In reviewing a trial court's denial of a plaintiff's motion for leave to amend a complaint, we are governed by the following standard of review:

> Our standard of review of a trial court's order denying a plaintiff leave to amend [his or her] complaint . . . permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion. The trial court enjoys broad discretion to grant or deny a petition to amend. Although the court generally should exercise its discretion to permit amendment, where a party will be unable to state a claim on which relief could be granted, leave to amend should be denied.

*Pollock v. National Football League*, 171 A.3d 773, 778 (Pa. Super. 2017) (citation omitted).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Debbs v. Chrysler Corp.*, 810 A.2d 137, 148 (Pa. Super. 2002) (citation omitted).

Rule 1033 of the Pennsylvania Rules of Civil Procedure provides, in relevant part:

> **(a) General Rule.** A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of

action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033(a).

As a previous panel of this Court noted during the instant litigation:

Leave to amend pleadings has traditionally been liberally granted in this Commonwealth. *See **Biglan v. Biglan***, 479 A.2d 1021, 1025 (Pa. Super. 1984). Rule 1033 imposes no limit on the time when an amendment may be made. Thus, pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom. *See **id.*** at 1025-26. Indeed, the denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion. *See **Capobianchi v. BIC Corp.***, 666 A.2d 344, 347 (Pa. Super. 1995) (citation omitted). However, timeliness is a factor to be considered "insofar as it presents a question of prejudice to the opposing party." ***Id.***

The right to amend lies within the discretion of the trial court and should be granted liberally unless there is an error of law or prejudice to the adverse party. *See **Hill***, 85 A.3d at 557. To permit a plaintiff to change its claim at the very end of the case may be unjust. *See **West Penn Power Co. v. Bethlehem Steel Corp.***, 348 A.2d 144, 156 (Pa. Super. 1975) (declining to permit amendment after entry of compulsory nonsuit, noting that a motion to amend is properly denied when the moving party would gain an inequitable advantage). Further, amendments may not be made if they introduce a new cause of action after the statute of limitations has run. *See **John Goffredo & Sons, Inc. v. S. M. G. Corp.***, 446 A.2d 255, 256 (Pa. Super. 1982). Finally, where allowance of an amendment would be a futile exercise, the amendment should not be allowed. *See **Carlino v. Whitpain Inv'rs***, 453 A.2d 1385, 1388 (Pa. 1982).

***Linde***, 2023 WL 7408651 at *6 (footnote omitted).[1]

As noted previously, Appellant's argument is partially based on this Court's decision in ***Hill***. ***See*** Appellant's Brief at 42. In ***Hill***, the plaintiff, in his individual capacity, filed a complaint against his business partner, his business partner's father, and the corporation that the plaintiff and his business partner formed. ***Hill***, 85 A.3d at 545.[2] The defendants filed preliminary objections challenging, among other things, the legal sufficiency of the complaint. ***Id.*** at 545-46. The trial court sustained the defendants' preliminary objections in the nature of a demurrer, holding that the plaintiff, in his individual capacity, did not have standing and that his cause of action was "more appropriate as a shareholder's derivative suit." ***Id.*** at 546 (citation and footnote omitted). The plaintiff filed a motion for reconsideration and, in the alternative, a motion to amend his complaint to pursue a derivative cause of action. ***Id.*** The trial court failed to act on the plaintiff's motions, and the plaintiff timely appealed. ***Id.*** at 546-47.

On appeal, this Court noted that the trial court recognized that the plaintiff's original cause of action was more appropriate as a shareholder's derivative suit, yet the trial court failed to grant the plaintiff leave to amend

---

[1] While we may typically only cite to this Court's unpublished memoranda filed after May 1, 2019 for persuasive value, we may always cite to any disposition if it is relevant to the law of the case doctrine. ***See*** Pa.R.A.P. 126(d).

[2] As noted by the ***Hill*** Court, the plaintiff never served the corporation with original process; therefore, no counsel ever entered an appearance on the corporation's behalf and the corporation did not participate in any of the subsequent legal proceedings. ***Hill***, 85 A.3d at 545 n.2.

his complaint. *Id.* at 558. The ***Hill*** Court concluded that the trial court abused its discretion by failing to grant the plaintiff leave to file an amended complaint, noting specifically that the plaintiff's claims were not "clearly barred by the applicable statute of limitations[.]" ***Id.*** (footnote omitted).

Here, the trial court reached the following conclusion:

***Hill*** [] is distinguishable from the instant matter both procedurally and substantively. The most obvious distinction is that the procedural posture in ***Hill*** was an appeal to the Superior Court following the trial court's dismissal of the action upon sustaining preliminary objections as to all counts. In holding that the trial court should have permitted amendment, the Superior Court observed that the claims the appellant wished to assert on behalf of the corporation were not clearly barred by the applicable statute of limitations. In this case, [Appellant's] request to amend was included in [his] post-trial motion filed subsequent to the conclusion of all evidence and resting [his] case in trial and in response to [the trial court] granting [Appellees'] motion for non-suit. Also important to the timing of [Appellant's] request to amend is that it is unclear whether all or some of [Appellant's] claims were barred by the statutes of limitations at the time of [his] request in July of 2022.

Substantively, the request to amend *sub judice* differs from the request considered by the Superior Court in ***Hill***. In ***Hill***, the appellant sought to add the corporation as a party to the action. Here, [Appellant] wish[es] "to conform the Amended Complaint to correct and to confirm [Appellant's] identity as a shareholder setting forth a shareholder's derivative action against Eric." ***See*** [Appellant's] Brief, filed 1/22/24, at [] 4. However, [Appellant] ignore[s] the fact that such a claim belongs to the corporation, LEI. Thus, an amendment to conform with a shareholder derivative action would require more than amending the caption to change the legal capacity of Scott F. Linde as proposed by [Appellant]. It would require the addition of LEI, the corporation, as a plaintiff and the assertion of a shareholder derivative claim as an additional cause of action.

The [trial court] will not allow amendment for the addition of a party at this stage in the proceeding. There are more reasons for

this other than the timing of [Appellant's] request. [Appellant has] closed [his] case at trial. An amendment would necessitate the reopening of [Appellant's] case and the presentation of additional evidence. Proceeding in that manner would certainly prejudice [Appellees].

Trial Ct. Op., 3/20/24, at 4-5 (some citations omitted and some formatting altered).

Following our review, we conclude that Appellant is not entitled to relief. As this Court stated in **Hill**, an individual shareholder "does not have standing to institute a direct suit for a harm that is peculiar to the corporation and that is only indirectly injurious to the shareholder. Rather, such a claim belongs to, and is an asset of, the corporation." **Hill**, 85 A.3d at 548 (citation omitted and some formatting altered). "To have standing to sue individually, the shareholder must allege a direct, personal injury—that is independent of any injury to the corporation—and the shareholder must be entitled to receive the benefit of any recovery." **Id.** (citations omitted). As a previous panel of this Court stated in the instant litigation:

> In determining the nature of the wrong alleged, the court must look to the body of the complaint, not to the plaintiff's designation or stated intention. [**Hill**, 85 A.3d at 549]. The action is derivative if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent dissipation of its assets. **Id**. If damages to a shareholder result indirectly, as the result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual. **Id**. In such cases, "only the corporation and a shareholder . . . by an action in the right of the corporation may bring a lawsuit and claim that a director breached the standard of care owed to the corporation." **Id.** at 548 (citation and internal quotations omitted).

- 11 -

*Linde*, 2023 WL 7408651 at *4.

> As this Court has already concluded,
>
> > [Appellant] alleged that Eric, while acting as president of LEI, caused harm to LEI by devaluing LEI and enriching himself in the process. As such, [Appellant] asserted direct harm to LEI, and only indirect harm to himself by virtue of the agreement. Because the right to assert a cause of action for the injury to LEI is considered an asset of LEI, this right could only be asserted in an action commenced directly by LEI, or by a shareholder of LEI in a shareholder derivative action commenced on behalf of LEI. *See Hill*, 85 A.3d at 548.

*Id.* at *5. For these reasons, we agree with the trial court that Appellant's motion for leave to amend the complaint goes beyond simply editing the caption to accurately reflect the names and/or status of the parties. As the *Hill* Court instructs, a shareholder derivative cause of action is an entirely separate cause of action from that of a shareholder bringing a cause of action individually. *See Hill*, 85 A.3d at 548.

Additionally, the record reflects that Appellant had already moved to amend his complaint once on the third and final day of the trial. Indeed, Appellant filed a motion to amend the complaint to conform to the evidence presented at trial on June 13, 2022, to which Appellees consented. *See* Appellant's Mot. to Amend Compl. to Conform the Pleading to the Evid. Presented at Trial, 6/13/22; Appellees' Consent to File Am. Compl., 6/28/22. While Rule 1033 does permit liberal leave to amend pleadings in this Commonwealth, it does not provide a litigant with infinite leave to amend pleadings throughout the course of litigation. *See Biglan*, 479 A.2d at 1025-

26.  On this record, we discern no abuse of discretion on the part of the trial court.  Therefore, Appellant is not entitled to relief.

Because we have determined that the trial court did not abuse its discretion relating to the timing of Appellant's motion for leave to file an amended complaint, we need not address Appellant's remaining issues, and we affirm the trial court's order.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2025